occupation, or profession; and (D) that Kemp's employment with Hale was both casual and not in the usual course of Hale's trade, business, occupation, or profession. With respect to question (E) regarding whether there existed an implied contract of indemnity between Tabor and Hale, in view of our determination of the other issues and the variety of results which may occur in the future resolution of Kemp's common law actions against the Tabors and Hale, we decline to provide interlocutory review. App.R. 4(B)(6).

Transfer is granted. This cause is remanded to the trial court for further proceedings consistent with this opinion.

GIVAN and KRAHULIK, JJ., concur.

SHEPARD, C.J., concurs except as to the summary judgment granted against the Tabors. He believes this was erroneous because Kemp was an employee of Tabor.

DeBruler, J., dissents.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by this Court that, pursuant to Admission and Discipline Rule 23, Section 15(b), the Respondent, Raymond I. Klagiss, is suspended from the practice of law in the State of Indiana pending further order of this Court.

IT IS FURTHER ORDERED that the Respondent is granted leave to continue, as may be necessary, his representation in the case of *Collier vs. Engineering Service Co., Inc.*, Case Number S487–0687 in Marion Superior Court No. 4.

The Clerk of this Court is directed to forward a copy of this Order to the Indiana Supreme Court Disciplinary Commission, to the Respondent, and to the Hearing Officer.

The Clerk of this Court is further directed to provide notice of this Order of Temporary Suspension as required by Admission and Discipline Rule 23, Section 3(d).

All Justices concur.

---

**In the Matter of Raymond I. KLAGISS.**

**No. 49S00–9104–DI–315.**

Supreme Court of Indiana.

Oct. 2, 1991.

ORDER OF TEMPORARY SUSPENSION

Comes now the Honorable Dixon W. Prentice, the Hearing Officer appointed in this case and, pursuant to agreement of the parties, recommends that the Respondent, Raymond I. Klagiss, be suspended from the practice of law during the pendency of this disciplinary proceeding with leave to participate in one on-going proceeding.

Upon examination of the matters now before this Court, we find that the Hearing Officer's recommendation should be approved.

**Barry C. HARPER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 89S00–9005–CR–359.**

Supreme Court of Indiana.

Oct. 3, 1991.

